[ECF No. 23]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **HP HOLDING LLC, et al.**, <br><br> Plaintiffs, <br><br> v. <br><br> **RED ROOF INNS, INC., et al.**, <br><br> Defendants. | Civil No. 23-20907 (RMB/MJS) |

**OPINION AND ORDER**

This matter comes before the Court on the motion by Plaintiffs HP Holding LLC ("Holding") and HP Holding Hospitality LLC ("Hospitality") (together "Plaintiffs") for leave to file a second amended complaint. ECF No. 23. This Court previously denied a motion by Plaintiffs to amend the complaint on May 28, 2024, but allowed Plaintiffs to refile if certain deficiencies were cured. ECF No. 21. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b), the Court decides this motion without oral argument. For the reasons that follow, Plaintiffs' renewed motion to amend the complaint is **GRANTED**.

**I.    Background**

Plaintiffs owned and operated a Red Roof Inn franchise in Absecon, New Jersey, pursuant to an arrangement with defendants Red Roof Inns, Inc. ("RRI"), and Red Roof Franchising, LLC ("RRF") (together "Defendants"), the parent company and franchisor, respectively, of Plaintiffs' hotel. ECF No. 8 at 2-3, ¶¶ 10-21.[1]

---

[1] The Court adopts and incorporates the factual background detailed in Judge Kugler's May 28, 2024 Opinion. ECF No. 21. Citations to page numbers in documents referenced in this

1

On October 5, 2023, Plaintiffs filed a complaint alleging Defendants effectively shut down the hotel intermittently to force Plaintiffs to invest in improving the hotel. ECF No. 1 at 3-6, ¶¶ 15-45. Specifically, Plaintiffs alleged (1) breach of contract against RRF; (2) interference with contract against RRI; (3) restraint of trade by both Defendants; and (4) violation by both Defendants of the New Jersey Franchise Practices Act ("NJFPA"), N.J.S.A. 56:10-1 to -15. Id. at 6-9, ¶¶ 46-76.

On November 21, 2023, Defendants moved to dismiss the complaint as untimely and deficient as a matter of law. ECF No. 5. Plaintiffs thereafter filed an amended complaint on December 12, 2023, alleging (1) tortious interference brought by Holding against RRI; (2) tortious interference brought by Hospitality against RRI; (3) breach of contract brought by Hospitality against RRF; and (4) violation of the NJFPA brought by both Plaintiffs against both Defendants. ECF No. 8 at 9-13, ¶¶ 62-105. Defendants filed a renewed motion to dismiss on January 9, 2024. ECF No. 12. Plaintiffs filed a cross-motion to amend on February 7, 2024, seeking to reinforce the complaint against defects the Court might recognize in its review of Defendants' motion to dismiss. ECF No. 16.

On May 28, 2024, the Court denied the first motion to dismiss as moot, granted the second motion to dismiss, and denied Plaintiffs' cross-motion to amend. ECF No. 21. The Court dismissed all of Plaintiffs' claims, but dismissed counts 1 and 4 without prejudice "to provide Plaintiffs with a final opportunity to cure their defective pleadings." Id. at 14. This renewed motion to amend by Plaintiffs follows.

---

Opinion and Order correspond to the page numbers listed at the bottom of documents, not the page number provided by ECF in the blue banner present on some documents, unless the page numbers are not otherwise available.

## II. Legal Standard

Parties may only amend the complaint "with the opposing party's written consent, or [with] the court's leave[,]" which should be "freely give[n] when justice so requires." Fed. R. Civ. P.15(a). "A general presumption exists in favor of allowing a party to amend its pleadings." Int'l Union of Operating Eng'rs, Loc. 68, AFL-CIO, et al. v. RAC Atl. City Holdings, LLC, et al., Civ. No. 11-3932, 2013 WL 353211, at *8 (D.N.J. Jan. 29, 2013). "However, a motion to amend a complaint may be denied where there is undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." Johnson v. Chevron Corp., Civ. No. 21-20548, 2022 WL 4817592, at *7 (D.N.J. Sept. 30, 2022). "Futility 'means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'" Id. (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)). "When considering denial of an amendment on the grounds of futility, the facts alleged in the proposed amended complaint, and all reasonable factual inferences drawn from those facts, are construed in the moving party's favor." Id.

## III. Discussion

Plaintiffs argue this motion complies with Rule 15(a)(2) and cures the deficiencies identified by the Court in dismissing Plaintiffs' amended complaint. ECF No. 30 at 3-6. Plaintiffs assert the Court's opinion demonstrated an "evident intention" to toll the statute of limitations and that as a result, Plaintiffs' claims and motion are timely. Id.

Defendants contend that applicable statutes of limitation render all of Plaintiffs' claims untimely, and thus amendment under Rule 15 is futile. ECF No. 27 at 1-2. Defendants argue the NJFPA and tortious interference claims—which both are alleged by Plaintiffs to have occurred last on April 30, 2018—fall outside of the six-year limitation period which ended

April 30, 2024. Id. at 3-14. Defendants maintain Plaintiffs' renewed motion to amend is therefore untimely because the Court's May 28, 2024 Opinion and Order, ECF Nos. 21 and 22, provided neither explicit conditions for reinstatement nor a deadline to satisfy such conditions. ECF No. 27 at 3-5. Defendants claim that the contractually provided three-year statute of limitations should govern Plaintiffs' NJFPA claims—and that even under the otherwise applicable six-year statute of limitations—these claims still fail. Id. at 6-14. Defendants also argue that Plaintiffs' NJFPA claims are facially deficient because they do not meet the statutory requirements for expenditures between a franchisor and franchisee. Id. at 14-21.

When dismissing Plaintiffs' claims in the Court's review of Defendants' motions to dismiss, the Court observed Plaintiff Holding "may seek to integrate into a future amended complaint the allegation that its injuries continued through the termination of the Franchise Agreement in April 2018, thereby bringing its tortious interference claim within New Jersey's six-year statute of limitations. **For this reason, we dismiss Count I without prejudice**." ECF No. 21 at 12 (emphasis added). Similarly, the Court observed count IV failed as articulated by alleging that Defendants "prevented the Inn from generating revenues of $25,000 for a protracted period . . ." instead of the $35,000 threshold required by the NJFPA, so "[l]ike Count I, however, **we dismiss Count IV without prejudice to provide Plaintiffs with a final opportunity to cure their defective pleadings**." Id. at 14 (emphasis added). Additionally, after denying Plaintiffs' motion to amend as premature given the pendency of Defendants' motions to dismiss, the Court noted "because this Opinion and corresponding Order serve to resolve Defendants' pending Motions, **Plaintiffs may appropriately re-file their motion and again seek the Court's leave to file their proposed Second Amended Complaint if they**

4

**wish to do so**, provided that they do not re-raise claims that the Court has dismissed here with prejudice." Id. at 16 (emphasis added). The emphasized text within the preceding excerpts reflects the Court's intention to allow Plaintiffs to amend their complaint to cure the identified deficiencies with counts I and IV.

Plaintiffs' proposed second amended complaint attaches the franchise agreement between the parties as an exhibit, ECF No. 23-3, adds allegations that Defendants interfered with Plaintiffs through April 30, 2018, ECF No. 23-2 at 8-10, ¶¶ 61-74, 10-12, ¶¶ 75-99, adds detail to the allegations of count I, Id., and deletes counts II and III, ECF No. 23-6 at 14-15, ¶¶ 77-93. The proposed complaint accordingly removed the claims dismissed with prejudice and squarely addressed the deficiencies identified with counts I and IV. Specifically, the Court observed in its prior opinion that Plaintiff Holding "may seek to integrate into a future amended complaint the allegation that its injuries continued through the termination of the Franchise Agreement in 2018, thereby bringing its tortious interference claim within New Jersey's six-year statute of limitations." ECF No. 21 at 12. Plaintiffs addressed this deficiency by adding allegations to count I that Defendants' "conduct and interference . . . continued through April

30, 2018."[2] ECF No. 23-6 at 12, ¶ 89. Similarly, the proposed complaint addressed the $35,000 threshold, curing the deficiency in alleging $25,000 in the original complaint.[3]

---

[2] Defendants argue this amended tortious interference allegation remains defective because (1) "the Court's prior dismissal of [Plaintiff Holding's] tortious interference claim without prejudice renders the original filing of this action a nullity;" and (2) no tortious act is alleged after October 3, 2017, only injury from prior acts. ECF No. 27 at 21-28. Defendants' first argument is enveloped in the Court's application of the equitable tolling doctrine below. See Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005) ("the dismissal of a complaint without prejudice after the statute of limitations has run forecloses the plaintiff's ability to remedy the deficiency underlying the dismissal and refile the complaint . . . . **absent tolling**") (emphasis added). With respect to Defendants' second alleged deficiency, the Court observes the proposed amended complaint alleges "from July 2017 through April 30, 2018, Defendants continued to interfere with the ability of the Inn to book reservations and attract guests by denying access to the RRI Reservation System." ECF No. 23-2 at 8, ¶ 61. Specifically, Plaintiffs allege Defendants threatened to terminate the franchise agreement in February 2018 unless Plaintiffs made improvements to the Inn that Plaintiffs maintain were not required under the franchise agreement. Id. at 8-10, ¶¶ 61-74. Plaintiffs further allege Defendants terminated the franchise agreement in April 2018 without requisite notice and accompanied the termination with a demand for over $250,000 in purported receivables and early termination fees. Id. These are the facts that Plaintiffs argued in their opposition to Defendants' motion to dismiss and which the Court cited in its prior dismissal opinion as evidence of continuing tortious interference, but which could not be credited as part of the complaint at that time since the facts were only alleged in an opposition brief. ECF Nos. 15 at 23, 21 at 11-12. While Defendant RRI maintains that the proposed second amended complaint is still deficient because Holding has failed to allege any timely tortious act, as opposed to injury from prior acts, Holding alleges RRI withheld access to the system to prompt Plaintiffs' assent to Defendants' demand for unjustified improvements, evidencing "a continual, cumulative pattern of tortious conduct" such that "the statute of limitations does not begin to run until the wrongful action ceases." Wilson v. Wal-Mart Stores, 729 A.2d 1006, 1010 (N.J. 1999). Thus, Plaintiffs' proposed amended complaint alleges injuries, on behalf of Holding, that continued through the termination of the Franchise Agreement in April 2018 and the Court is satisfied at this early stage that this element is sufficiently plead. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556-58 (2007) (pleadings are sufficient when recovery appears plausible, not merely speculative, and the facts are plead specifically enough to prevent unbounded discovery).

[3] Defendants argue this amended allegation of gross sales remains defective because there is allegedly "no allegation about 'gross sales of products and services between [RRF] and [Hospitality],'" ECF No. 27 at 15 (alterations in original). Defendants further assert Plaintiffs fail to adequately allege the temporal element of this prong—that "gross sales . . . shall have exceeded $35,000.00 for the 12 months next preceding the institution of suit pursuant to this act," N.J.S.A. 56:10-4(a)—because the proposed amended complaint states Plaintiffs earned no revenue in the 12 months before filing this action. ECF No. 27 at 17. However, "where the franchise is terminated but the franchisee's business survives, the relevant period of calculation

Defendants maintain that Plaintiffs' amendments to their NJFPA claim remain futile because the parties allegedly contracted to a three-year statute of limitations, which the Court enforced in dismissing the breach of contract and tortious interference claims brought by

---

is the twelve months prior to the termination of the franchise." Ocean City Exp. Co. v. Atlas Van Lines, Inc., Civ. No. 13-1467, 2014 WL 654589, at *4 (D.N.J. Feb. 19, 2024); accord Am. Ests., Inc. v. Marietta Cellars Inc., Civ. No. 10-6763, 2011 WL 1560823, at *5 (D.N.J. Apr. 25, 2011). The proposed amended complaint alleges the Inn generated in excess of $35,000 "in the 12 months preceding termination of the Franchise Agreement." ECF No. 23-2 at 14, ¶ 111. Defendants' citation to another decision by this Court is inapposite, as the plaintiffs in that case closed their business while the franchise agreement was still in place. Minnebo v. Metal Supermarkets Franchising Am., Inc., Civ. No. 22-5999, 2024 WL 1928458, at *1 (D.N.J. Apr. 30, 2024). In contrast, Defendants here terminated the franchise agreement after Plaintiffs allegedly spent two months substantially improving the Inn at Defendants' request under the belief that such improvements would restore the business relationship between the parties. ECF No. 23-2 at 8-9, ¶¶ 65-71. Only after Defendants terminated the franchise agreement did Plaintiffs sell the Inn. Id. at 13, ¶ 109. Defendants additionally argue Plaintiffs must allege gross sales between the franchisor and franchisee, not merely gross sales generated by the Inn. ECF No. 27 at 14-18. However, the proposed amended complaint alleges (1) Plaintiffs "incurred substantial expenses . . . including fees imposed by [Defendants]" within a year of the franchise's termination in connection with Plaintiffs sending their new manager to Defendants' corporate headquarters in Ohio for training, at Defendants' demand, and (2) Defendants demanded Plaintiffs pay $79,805.80 in "accounts purportedly receivable." ECF No. 23-2 at 6-9, ¶¶ 42-71. Further, Plaintiffs appended Defendants' franchise termination letter to the proposed amended complaint, which itemizes the $79,805.80 into charges attributable to Plaintiff Holding as a "customer" of Defendants and dated within eight months of termination of the franchise agreement. ECF No. 23-5 at 4. The charges appear to track fees for marketing and other services offered in the franchise agreement for the franchisee's purchase from the franchisor. ECF No. 23-3 at 6-8. The Court may consider the franchise agreement and referenced correspondence in screening the proposed amended complaint for futility under the Rule 12(b)(6) standard for dismissal, as the parties both rely on it in arguing this motion, dismissing any concerns of authenticity, and Plaintiffs properly appended it to their proposed amended complaint. See Shuker v. Smith & Nephew, PLC, 885 F.3d 760, 777 n.17 (3d Cir. 2018) (considering a press release reproduced in part in a complaint); Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record"). The amended allegations also state "[t]he Inn represented the sole source of income for the Property." ECF No. 23-2 at 3, ¶ 16. Notwithstanding the potential for discovery to prove otherwise at summary judgment, the Court is satisfied at this early stage that this element is sufficiently plead. See Bell Atl. Corp., 550 U.S. at 556-58 (pleadings are sufficient when recovery appears plausible, not merely speculative, and the facts are plead specifically enough to prevent unbounded discovery).

Hospitality in Counts II and III. ECF No. 27 at 11. Defendants argue "the Court did not reach the issue of whether that claim was untimely, instead dismissing the claim without prejudice based on [Plaintiffs'] faulty pleading of the elements of that cause of action." Id. at 6. Defendants acknowledge that case law generally declines to enforce forum selection clauses in franchise agreements but aver contractual limitations periods are enforceable given the NJFPA's statute of limitations incorporates the six-year general limitations of N.J.S.A. 2A:14-1 and such enforcement would not contravene the purposes of the NJFPA. Id. at 6-13.

Defendants' argument belies the Court's analysis in its prior opinion and, on the merits, does not establish futility. First, the Court in its prior opinion thoroughly analyzed the NJFPA claim for futility. ECF No. 21 at 13-14. The Court dismissed the claim without prejudice to Plaintiffs curing the facial deficiency of pleading an excess of $25,000 in gross sales between the parties, instead of the $35,000 required under the statute. Id. at 14. The Court identified this as the specific deficiency that needed to be cured. Another potential deficiency, whether both plaintiffs qualified as "franchisees" given their corporate structure, was not ripe for intervention until discovery revealed the "exact nature of the parties' corporate identities and scope of their respective liabilities."[4] Id. at 9 n.3. Accordingly, the Court's prior opinion can be reasonably interpreted to have implicitly found the NJFPA claims otherwise survived futility analysis if the $35,000 threshold requirement was sufficiently pled. Defendants' contention that the Court never considered the timeliness of the NJFPA claim contradicts the

---

[4] Defendants ask the Court to reconsider whether both plaintiffs qualify as "franchisees" under the NJFPA. ECF No. 27 at 18-21. As the NJFPA applies to "written arrangements," not only single integrated agreements, and agency principles plausibly obfuscate which corporate entities are directly or secondarily liable for NJFPA violations the Court maintains this issue is best resolved with clarifying discovery. See N.A.R., Inc. v. Eastern Outdoor Furnishings, __ A.3d __ (N.J. App. Div. 2025).

Court's analysis of the NJFPA claim's elements and its dismissal of the breach of contract and tortious interference claims brought by Hospitality in Counts II and III for timeliness.

On the merits, and despite the apparent implicit consideration of this issue in the Court's prior opinion discussed above,[5] the Court is not persuaded that any contractual limitations period curtailing Plaintiffs' ability to bring NJFPA claims is so clearly enforceable that amendment would be futile. "The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities." Certain Underwriters at Lloyd's of London v. Alesi, 843 F.Supp.2d 517, 534 (D.N.J. Dec. 30, 2011). Defendants have identified no binding authority wherein a Court has directly opined on the enforceability of contractual limitations periods that shorten the period in which plaintiffs may assert NJFPA claims. However, New Jersey's Supreme Court has observed "the [NJFPA] attempted to remedy the effects of unequal bargaining power by prohibiting the inclusion in the contract of provisions that would relieve franchisors of liability under the Act or would unfairly prejudice the franchisee in the operation of its franchise." Kubis & Perszyk Assocs., Inc. v. Sun Microsystems, Inc., 680 A.2d 618, 627-28 (N.J. 1996). On that principle, Kubis held "forum-selection clauses in franchise agreements are presumptively invalid, and should not be enforced unless the franchisor can satisfy the

---

[5] Collateral estoppel "precludes relitigation only of questions 'distinctly put in issue' and 'directly determined' adversely to the party against which the estoppel is asserted." In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008) (quoting N.J.-Phila. Presbytery of the Bible Presbyterian Church v. N.J. State Bd. of Higher Educ., 654 F.2d 868, 876 (3d Cir. 1981)). Defendants argued that the parties contractually limited recovery under the NJFPA, and accordingly Plaintiffs' claims were untimely, in moving to dismiss the original complaint. ECF No. 12-1 at 11-16. The Court credited that argument in dismissing the breach of contract and tortious interference claims brought by Hospitality in Counts II and III, but can fairly be read to have implicitly rejected the argument as applied to the NJFPA claims. ECF No. 21 at 13-14.

burden of proving that such a claim was not imposed on the franchisee unfairly on the basis of its superior bargaining position." Id. Considering contractual limitations periods in employment law, where bargaining power disparities similarly prompted New Jersey's Law Against Discrimination, N.J.S.A. 10:5-1 to -49, the New Jersey Supreme Court found "[r]estricting the ability of citizens to bring LAD claims is antithetical to that societal aspiration and defeats the public policy goal." Rodriguez v. Raymours Furniture Co., Inc., 138 A.3d 528, 530 (N.J. 2016). The Court accordingly declines to sanction a similar restriction of Plaintiffs' NJFPA rights by withholding leave to amend without clearer authority that such provisions are enforceable. Potential for legal infirmity is an insufficient basis to find futility; the claim must fail as a matter of law. See Fitchburg Mut. Ins. Co. v. Palmiro Ferraro, Inc., Civ. No. 14-63, 2015 WL 5039528, at *3-6 (D.N.J. Aug. 26, 2015); Maxton v. Thomas, Civ. No. 13-1134, 2013 WL 2896838, at *8-11 (M.D. Pa. June 12, 2013) (denying claim without prejudice where futility of amendment was unclear).

Defendants also argue Plaintiffs' motion is futile because this Court did not toll the statutes of limitations applicable to Plaintiffs' claims by not fixing a deadline for Plaintiffs to cure the deficiencies in the previously operative complaint. ECF No. 27 at 3-5. Defendants argue Moore v. Middlesex County Prosecutors Office, 738 F.App'x 100, 104 (3d Cir. 2018), holds a court may toll the statute of limitations by inviting a plaintiff to file an amended complaint curing identified deficiencies, but only if the court sets a deadline by which the amended pleading must be filed. ECF No. 27 at 4. While specifying "conditions for reinstatement within a specified time period" indeed causes "automatic tolling" of the statute of limitations, the absence of a deadline to file an amended complaint leaves open the possibility of "equitable tolling." Moore, 738 F.App'x at 104-05.

"[E]quitable tolling may be appropriate if a litigant can demonstrate (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Id. (quoting A.S. ex rel. Miller v. SmithKline Beecham Corp., 769 F.3d 204, 212 (3d Cir. 2014)). "As with most issues involving a court's exercise of equitable powers, '[t]here are no bright lines in determining whether equitable tolling is warranted in a given case.'" Ross v. Varano, 712 F.3d 784, 798 (3d Cir. 2013) (quoting Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011)). The United States Supreme Court has "emphasiz[ed] the need for 'flexibility,' for avoiding 'mechanical rules,'" in favor of "a tradition in which courts of equity have sought to 'relieve hardships which, from time to time, arise from a hard and fast adherence' to more absolute legal rules, which, if strictly applied, threaten the 'evils of archaic rigidity.'" Holland v. Florida, 560 U.S. 631, 649 (2010) (citations omitted). The Third Circuit has followed this "tradition" and "measures the extraordinary circumstances prong subjectively," considering the "totality of the[] circumstances" that prevented timely filing. Ross, 712 F.3d at 803.

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence." Id. at 799. Plaintiffs filed this motion 44 days after the Court dismissed the previous complaint. ECF Nos. 21, 23. 44 days is substantially less delay than the periods in seminal Third Circuit precedent analyzing this issue. See Moore, 738 F.App'x at 104 (finding 18 months is not reasonable diligence); Ross, 712 F.3d at 794 (finding reasonable diligence in over 4 years of delay where attorney misled incarcerated client regarding case status); Pabon, 654 F.3d at 402 (nearly a year of delay excused where incarcerated petitioner's efforts to litigate case were unsuccessful because he was not provided counsel who could speak Spanish). In contrast, Plaintiffs filed their amended complaint within the 45 days courts in this District routinely provide litigants to file an amended complaint after

dismissing some claims without prejudice. See Riotto v. Fay Serv., LLC, 740 F.Supp.3d 400, 409 (D.N.J. 2024) (providing 45 days to file an amended complaint); Onyechi v. N.J. Off. of Att'y Gen., Civ. No. 24-10130, 2025 WL 381828, at *5 (D.N.J. Feb. 4, 2025) (same); Wiggins v. Anderson, Civ. No. 24-11481, 2025 WL 381500, at *3 (D.N.J. Feb. 3, 2025) (same).

Despite the absence of a deadline to move to amend in the Court's order dismissing Plaintiffs' previous complaint, Plaintiffs' diligence in moving to amend the complaint demonstrates the potential risks associated with equitable tolling are not present in this case. See Moore, 738 F.App'x at 104 (warning that a deadline "is important because, without it, there would be nothing to 'prevent a plaintiff from indefinitely extending the limitations period'") (quoting Brennan v. Kulick, 407 F.3d 603, 607 (3d Cir. 2005))). Under the specific facts of this case, it is clear to the Court that the absence here of a specific deadline by which to amend when the Court clearly identified the deficiencies that needed attention represents an extraordinary circumstance that absent tolling would prevent Plaintiffs from pursuing their claims and correcting the various deficiencies the Court invited them to remedy. And notably, the Plaintiffs here moved in a timely fashion. The Court accordingly declines to disrupt Plaintiffs' acceptance of this Court's explicit invitation to cure the deficiencies identified with the previous complaint and finds the claims equitably tolled.

**IT IS**, therefore, on this **26th** day of **February 2025**,

**ORDERED** that Plaintiffs' motion is hereby **GRANTED**; and it is further

**ORDERED** that Plaintiffs shall file the proposed second amended complaint within 14 days.

s/ Matthew J. Skahill
MATTHEW J. SKAHILL
United States Magistrate Judge
